UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SAMUEL CLARK, JR.,

    Debtor,
_____/

DON FERGUSON,

    Appellant,

v.

JIMMIE SAMUEL CLARK, JR.,

    Appellee.
_____/

Civil Action No. 14-12410
Honorable Patrick J. Duggan

Bankruptcy No. 13-5110
Honorable Thomas J. Tucker

**OPINION AND ORDER AFFIRMING THE MAY 7, 2014 ORDER OF THE BANKRUPTCY COURT GRANTING IN PART AND DENYING IN PART APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND VOLUNTARILY DISMISSING APPELLEE'S COUNTERCLAIM**

    This is a bankruptcy appeal. Appellant Don Ferguson, proceeding pro se, appeals the May 7, 2014 order of the Bankruptcy Court for the Eastern District of Michigan granting in part and denying in part Appellee Jimmie Samuel Clark, Jr.'s motion for summary judgment, which was filed on February 12, 2014. Appellant filed his brief on appeal on July 8, 2014, and Appellee filed his response brief on July 19, 2014. Appellant has not filed a reply brief and the time to do so has expired. Upon review of the record on appeal and the parties' submissions, the

Court concludes that oral argument would not aid the decisional process. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court will affirm the Bankruptcy Court's order.

On September 23, 2013, Appellant filed an adversary proceeding to determine whether a $18,000 loan owed to him by Appellee is dischargeable in Appellee's Chapter 7 bankruptcy case. In count one of his two-count complaint, Appellant claimed that the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides that a debtor is not discharged from "any debt . . . for money . . . to the extent obtained by false-pretenses, a false representation, or actual fraud." In count two, Appellant claimed that the debt is non-dischargeable pursuant to § 523(a)(6), which provides that a debt is non-dischargeable if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." Dkt. 1 at Page ID 17-22. On November 13, 2013, Appellee filed a counterclaim against Appellant, seeking relief for Appellant's alleged willful violation of the automatic bankruptcy stay. Appellee claimed that Appellant pursued a lawsuit in state court to recover the $18,000 debt despite his awareness of Appellee's Chapter 7 bankruptcy filing. *Id.* at Page ID 66-67.

On October 10, 2013, Appellee filed a motion to dismiss Appellant's complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* at Page ID 55-56. Although Appellant failed

to file a response to the motion, the Bankruptcy Court, by order dated November 8, 2013, dismissed only the first count of the complaint, concluding that Appellant stated a plausible claim for relief in count two. *Id.* at Page ID 62-63.

On November 22, 2013, Appellant filed a motion seeking reconsideration of the Bankruptcy Court's November 8 order dismissing count one, arguing that the Bankruptcy Court should have instead entered a default judgment against Appellee because Appellee did not file his answer on time. Dkt. 1 at Page ID 73-74. In an order issued the same day, the Bankruptcy Court denied the motion, explaining why Appellee's answer was not late. *Id.* at Page ID 78-79.

On January 8, 2014, Appellee served his first set of requests for admission on Appellant containing five individual admission requests. The instructions accompanying the requests read, in pertinent part: "If Don Ferguson, (Plaintiff) fails to respond or object to any request within 30 days of the service of the Request, the matter shall be deemed admitted under Rule 36." *Id.* at Page ID 87-92. Appellant never responded to the requests for admission.

On February 12, 2014, after the expiration of the deadline for responding to the requests for admission, Appellee filed a motion seeking summary judgment in his favor as to the remaining count of the complaint and as to the counterclaim alleging a willful violation of the automatic stay. *Id.* at Page ID 93-95. This time,

Appellant filed a response to the motion and oral argument was heard on May 7, 2014. *Id.* at Page ID 110-111.[1]

During oral argument, Appellant admitted the following facts in response to the Bankruptcy Court's inquiries: (1) Appellant sought and obtained a default judgment from the state court against Appellee in the amount of the unpaid debt with knowledge that Appellee had filed a Chapter 7 bankruptcy case; and (2) Appellant received admission requests on January 8, 2014, and did not respond to them by the deadline. After listening to the parties' arguments, the Bankruptcy Court ruled from the bench on Appellee's motion for summary judgment. The bench ruling is thorough and carefully reasoned.

With regard to the counterclaim, the Bankruptcy Court held that the first admitted fact in the preceding paragraph conclusively established Appellee's claim that Appellant willfully violated the automatic stay. However, the Bankruptcy Court declined to award any monetary relief for Appellant's willful violation of the stay because there was no evidence presented that Appellee was damaged in any way by Appellant's conduct, and declined to award punitive damages because Appellant's conduct in violating the stay was not egregious.

---

[1] An audio recording of the hearing is available on the Bankruptcy Court's docket. The record does not contain a written transcript of the hearing.

With regard to count two of the complaint, the non-dischargeability claim under 11 U.S.C. § 523(a)(6), the Bankruptcy Court held that summary judgment in favor of Appellee must be granted because, under Federal Rule of Civil Procedure 36(a)(3), Appellant is deemed to have admitted all five admission requests that were served upon him on January 8, 2014, and that those admission requests, deemed true, defeat Appellant's non-dischargeability claim under § 523(a)(6). In particular, the second admission request called for Appellant to admit that he "has not suffered any physical bodily injury due to the . . . loans [Appellant] gave to [Appellee]," and the third admission request called for Appellant to admit that, "aside from not being repaid the loan by [Appellee], [Appellant] did not suffer any injury to property he owned as a result of the loan [Appellant] gave to [Appellee]." Dkt. 1 at Page ID 90. The Bankruptcy Court determined that these admissions, deemed true as a result of Appellant's failure to respond, preclude a non-dischargeability determination under § 523(a)(6), which requires proof of injury to Appellant or to his property.[2] The Bankruptcy Court issued a written order the same day memorializing its bench ruling. *Id.* at Page ID 6-7. This appeal followed.

---

[2] Following the Bankruptcy Court's ruling granting summary judgment in favor of Appellee on Appellant's non-dischargeability claim under § 523(a)(6), Appellee informed the Bankruptcy Court that he would no longer pursue the counterclaim, resulting in the voluntary dismissal of that claim.

In his brief on appeal, Appellant raises the following issues (in Appellant's own words):

> a) Did the Bankruptcy court err in granting bankruptcy discharge prior to hearing adversary proceedings *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981.
>
> b) Whether the Bankruptcy Court erred in application of legal standard under Fed. R. Civ. P. 12(b)(6) ref *Haines v. Kerner*, 404 U.S. 519.
>
> c) Whether the Bankruptcy Court erred in not issuing default judgment when defendant fail to answer complaint in a timely manner.
>
> d) Did the . . . Bankruptcy court err in granting partial judgment without benefit of discovery and/or hearing
>
> e) Whether the Bankruptcy Court abused its discretion when it allowed defendant statement of plaintiff's admissions.

Dkt. 4 at Page ID 128.[3]  However, Appellant fails to develop his argument on any of these issues; that is, he does not explain why he believes the analysis and conclusions reached by the Bankruptcy Court are erroneous.  Instead, Appellant focuses on the conduct of Appellee in his attempts to obtain various loans from Appellant.  Appellant explains that Appellee induced him to make a loan, but that he had "no intentions of repaying the loan as he had no means to do so." *Id.* at Page ID 129.  Appellant further states that bankruptcy is designed for "honest citizens to acquire a fresh start," and that Appellee "does not fit in this category"

---

[3] Due to the numerous mistakes in the above-quoted recitation of the issues, the Court dispenses with the use of "[sic]" after each one.

because he engaged in a "criminal enterprise, deceptive behavior, and fraudulent activities as a result of his own greed, selfishness and dishonest pursuits." *Id.* at Page ID 130.

The Court concludes that there is no legal basis on which to reverse the Bankruptcy Court's decision and the matters discussed by Appellant in his brief are not relevant to the analysis of the legal issues raised in this case. The Court has thoroughly reviewed the record and concludes that the Bankruptcy Court has reached the right result for the right reasons.

Accordingly, the May 7, 2014 order of the Bankruptcy Court is **AFFIRMED**.

**SO ORDERED**.


Dated: August 19, 2014                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE



Copies to:

Don Ferguson
Michael G. Ardelean, Esq.

7